JEFFERSON CIRCUIT COURT
DIVISION ONE (1)

NO. 14-CI-___14 CI 005529___

JEFFERSON CIRCUIT COURT
DIVISION _____ (___)
JUDGE_____

BOB FAUSZ                                                                                                                    PLAINTIFF

v.                                       **COMPLAINT**

                                                                                                                    DEFENDANTS

CONVERGENT OUTSOURCING, INC

    **SERVE**:
    C T Corporation System
    306 W Main St
    Suite 512
    Frankfort, KY 40601

\* \* \* \* \*

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff, Bob Fauz, against the Defendant, Convergent Outsourcing, Inc. for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith. Mr. Fausz also asserts claims arising under state law for intentional or negligent infliction of emotional distress.

**PARTIES AND JURISDICTION**

2. Plaintiff is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County.

3.  Plaintiff is a *"consumer"* as that term is defined in the FDCPA and with respect to the matters herein.

4.  Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a corporation organized and existing under the laws of the State of Washington. Convergent is a "debt collector" as that term is defined in the FDCPA and with respect to the matters herein.

5.  This Court has subject matter jurisdiction and venue is proper. Plaintiff's claims involve an amount in excess of the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

6.  On October 24, 2013, Convergent sent Mr. Fausz a correspondence wherein it sought to collect the sum of $1,289.05 on behalf of a creditor, T-Mobile, USA, on account number ********1656.

7.  Upon information and belief, in the October 24, 2013 correspondence, Convergent collected and/or sought to collect certain amounts from Plaintiff, including principal, interest, fees, costs, and/or other expenses incidental to the principal amount claimed to be owed, which amounts were neither expressly authorized by agreement nor permitted by law.

8.  The October 24, 2013 correspondence was Convergent's initial communication with Mr. Fausz regarding the alleged debt but failed to include information about the debt as required by the FDCPA.

9. Defendant's conduct, as described herein, caused Plaintiff to sustain actual damages, in the form of pecuniary loss, mental and emotional distress, turmoil, worry, disgrace, embarrassment, anxiety, humiliation, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

10. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT 1:
## VIOLATION OF TH FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

12. In sending the October 24. 2013 correspondence, Convergent collected and/or sought to collect certain amounts from Mr. Fausz, including principal, interest, fees, costs, or other expenses incidental to principal, which amounts were neither expressly authorized by agreement nor permitted by law.

13. Convergent's conduct, as alleged herein, constitutes violations of the FDCPA, Section 1692g(1), in that Convergent failed to send Mr. Fausz a written notice of the debt containing:

(i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

(iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14. Defendant's conduct, as alleged herein, constitutes additional violations of the FDCPA in that the Defendant:

(a) used unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f(1);

(b) misrepresented the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(a); and,

(c) used false representations or deceptive means to collect a debt, 15 U.S.C. § 1692e(10).

15. Pursuant to 15 U.S.C. § 1692k, Mr. Fausz is entitled to recover from the Defendant an award of actual damages, statutory damages, attorney's fees, and costs.

16. Additionally, Defendant's conduct as herein alleged was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

## COUNT 2:
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

18. The Defendant's collection activity, as alleged herein, was outrageous, intolerable, and offensive to generally accepted standards of morality and decency.

19. The Defendant knew or should have known that its conduct would cause Mr. Fausz to suffer severe emotional distress.

20. As a direct and proximate result of Defendant's conduct, as herein alleged, Ms. Fausz suffered severe emotional distress.

21. Based on the tort of intentional or negligent infliction of emotional distress, Mr. Fausz is entitled to recover from the Defendant an award of actual damages.

22. Additionally, Defendant's conduct as herein alleged was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant the following relief:

1. Judgment in favor of Plaintiff against Defendant, together an award of

compensatory damages;

2. An award of attorney fees, costs and expenses incurred in prosecuting this action;

3. Punitive damages;

4. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

5. Trial by jury on all triable issues; and

6. All other relief to which Plaintiff may be entitled.

Respectfully submitted,

CRAIG HENRY PLC
Zachary L. Taylor

_____
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
ztaylor@craighenrylaw.com

*Counsel for Plaintiff Bob Fausz*

6